IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEROME M. BRITTON,** | : | |
|     Petitioner | : | |
| | : | No. 1:20-cv-1169 |
| v. | : | |
| | : | (Judge Kane) |
| **CATRICIA HOWARD, et al.,** | : | |
|     Respondents | : | |

**MEMORANDUM**

On July 10, 2020, pro se Petitioner Jerome M. Britton ("Petitioner"), a federal prisoner incarcerated the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner paid the filing fee on July 22, 2020, and in an Order dated July 29, 2020, the Court directed Respondent to file an answer to the § 2241 petition within thirty (30) days. (Doc. No. 5.) After an extension of time, Respondent filed the answer on September 1, 2020. (Doc. No. 8.) Petitioner then filed a reply on September 25, 2020. (Doc. No. 9.) Accordingly, Petitioner's § 2241 petition is ripe for disposition. For the following reasons, the Court will deny the petition.

I.    **BACKGROUND**

On June 30, 2011, the Pennsylvania Department of Corrections ("DOC") released Petitioner on parole in connection with two convictions imposed by the Courts of Common Pleas of Dauphin County, case number 2047-2001, and Erie County, case number 1317-2006. (Doc. No. 8 at 2.) On December 17, 2012, Petitioner was arrested by the Harrisburg Police Department and charged with drug, theft, and firearm offenses in the Court of Common Pleas of Dauphin County in case number 872-2012. (Id.) Petitioner was also held by the Pennsylvania authorities as a parole violator. (Id.)

On January 30, 2013, while in state custody, Petitioner was charged in this Court with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), possessing a stolen firearm in violation of 18 U.S.C. § 922(j), and possessing with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  See No. 1:13-cr-14, Doc. No. 1 (M.D. Pa.).  During the federal proceedings, Petitioner was temporarily transferred to the physical custody of the federal authorities as needed on writs of habeas corpus ad prosequendum.  See, e.g., No. 13-cr-14, Doc. No. 5 (M.D. Pa.).  The state charges filed in the Court of Common Pleas of Dauphin County, case number 872-2012, were withdrawn on March 27, 2013.  (Doc. No. 8 at 3.)

On September 4, 2013, a federal jury convicted Petitioner of one count of being a felon in possession of a firearm.  See No. 1:13-cr-14, Doc. No. 60 (M.D. Pa.).  On January 28, 2014, Petitioner was sentenced to a 100 month term of imprisonment for that conviction.  See No. 1:13-cr-14, Doc. No. 83 (M.D. Pa.).  According to the judgment of conviction, "[t]his term is to run consecutively to the anticipated sentence imposed on the state parole revocation under Dauphin County Docket Numbers 2047-2001 and 587-2002, and Erie County Docket Number 1317-2006."  See id. at 2; see also Doc. 86 at 21 (stating that "[t]his sentence shall be served consecutively to the anticipated sentence imposed on the state parole revocations under Dauphin County docket number 2047 of 2001 and 587 of 2002, and Erie County docket number 1317 of 2006").

Petitioner's term of imprisonment for his state parole violations commenced on January 28, 2014.  (Doc. No. 8 at 3.)  Petitioner remained imprisoned for his state parole violations from January 28, 2014, until July 5, 2019.  (Id. at 4.)  On July 5, 2019, the DOC released Petitioner to the federal authorities to begin serving his federal sentence.  (Id.)

Petitioner entered federal custody on July 10, 2019. (Id.) The BOP ultimately credited Petitioner with 366 days of jail credit, which reflected the time between January 31, 2013, the date of the federal indictment, and January 27, 2014, the day before Petitioner began serving his parole revocation sentence, and July 6, 2019, the day after he was released from his state parole revocation sentence, and July 9, 2019, the day before he entered federal custody to begin serving his federal sentence. (Id. at 4.)

While in federal custody, Petitioner requested that the Federal Bureau of Prisons ("BOP") designate his federal sentence to run retroactively starting from the date he was in state custody. (Id.) The BOP denied his request. (Id.) The BOP explained that:

> The Bureau has considered your request and determined you are not eligible for a retroactive designation. The federal sentencing Court ordered your sentence to run consecutively to the anticipated sentence imposed on the state parole revocation under Dauphin County Docket Numbers 2047-2001 and 587-2002, and Erie County Docket Number 1317-2006. Program Statement 5160.05 states, "The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." In accordance with applicable federal statute and Bureau policy, your federal sentence is calculated to run consecutively to your state sentence. Accordingly, you were advised of this decision in a response dated August 8, 2017.
>
> Furthermore, on August 1, 2017, United States District Judge Caldwell issued an Order in Case No. 1:13-CR014 stating in part, "We note, however, that if it is 'clear that [Defendant is] ineligible for a nunc pro tunc designation, the BOP ha[s] no obligation to contact the sentencing court to solicit its opinion regarding retroactivity." The Court's Order further states, "upon consideration of Defendant Jerome Britton's motion for imprisonment credit and/or motion to alter or amend judgment, it is ORDERED that the motion is DENIED." Your federal sentence has been computed as directed by federal statute, applicable Bureau of Prison policy, and within the intent of the Court.

(See id. at 4-5.)  Petitioner exhausted his administrative remedies by appealing the denial of his administrative remedy to the Central Office level, which denied his appeal on June 5, 2020.  (See id. at 5.)

In the petition, Petitioner argues that the BOP abused its discretion by failing to designate Petitioner's former state facility of incarceration as a place for federal confinement nunc pro tunc citing 18 U.S.C. § 3621(b).  (Doc. No. 1 at 4-6.)  Petitioner further argues that

> On April 2, 2013, while awaiting trial for the instant [federal] offense, petitioner was intercepted by Pennsylvania's Board of Probation and Parole and turned over to the State of Pennsylvania. . . . [I]mportantly, the petitioner was not in violation of the terms and conditions of his state parole, and . . . thereof should not have been in the custody of the Pennsylvania Board of Probation and Parole to await a federal trial in reference to indictment No. 1:13-CR-014.  However, the petitioner didn't become a convicted parole violator (CPV) until April of 2014, the date of the Pennsylvania Board action.

(See id. at 4.)  Respondents argue in the answer that the BOP correctly calculated Petitioner's sentence.  In Petitioner's reply, he argues that the BOP has wide discretion to consider a nunc pro tunc designation.  (Doc. No. 9 at 1.)  He also argues that Pennsylvania's parole revocation process is atypical in that a purported violator does not appear before a sentencing court or judge in the revocation process.  (Id.)  Thus, "the sentencing court in this case could not foresee the Pennsylvania Board of Probation and Parole adjusting the Petitioner's court ordered maximum date without going back in front of the sentencing Judge . . . Petitioner was and should be entitled to have the BOP consider his claims and decide it by exercising its statutory discretion under 18 U.S.C. § 3621(b)(1)-(5)."  (Id. at 1-2.)  Finally, Petitioner argues that he did not become a parole violator until March 2014 after there was Parole Board action based on his January 28, 2014, federal conviction.  (Id. at 2.)

## II.     DISCUSSION

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See Zayas v. INS, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241"). Therefore, this petition is properly brought under 28 U.S.C. § 2241.

Where a defendant faces prosecution by both state and federal authorities, the "primary custody" doctrine determines where and how the defendant will serve any resulting sentence of incarceration. See Taccetta v. Federal Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015). The primary custody doctrine differs from physical custody. Under the doctrine, the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign. See id. (citing Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982). A sovereign can relinquish primary custody over the defendant by releasing the defendant on bail, dismissing the charges, or granting parole. See id. A temporary transfer of a prisoner on a writ of habeas corpus ad prosequendum does not constitute a relinquishment. See id.; see also Holloman v. Warden Fairton FCI, 635 F. App'x 12, 14 (3d Cir. 2015) (stating that "[t]he production of a defendant pursuant to a writ of habeas corpus ad prosequendum does not affect the jurisdiction of the sovereign with primary custody over a defendant").

Here, Petitioner entered the primary custody of the Commonwealth of Pennsylvania on December 17, 2012, when he was arrested by the Harrisburg Police Department. Petitioner remained in the primary custody of Pennsylvania until July 5, 2019, when he was paroled on his

state parole revocation sentence. Prior to that time, Petitioner was never released on bail on his parole revocation charges nor granted parole. Although some of his state charges were dismissed, he was not released from his parole revocation detention. Further, as is clear from the case law on this issue, a temporary transfer pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary custody to the transferee authority. Thus, Petitioner remained in the primary custody of Pennsylvania until July 5, 2019, when he was released on parole.

Next, the BOP correctly calculated Petitioner's sentence as well as the application of jail credit to his federal sentence. The BOP has been designated by the Attorney General of the United States to calculate and compute federal sentences. See 28 C.F.R. § 0.96; United States v. Wilson, 503 U.S. 329, 331-32 (1992). The computation of a federal sentence is governed by 18 U.S.C. § 3585 and consists of a two-step process: (1) a determination of the date on which the federal sentence commences, and (2) consideration of any credit for time already spent in custody to which petitioner may be entitled. See Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996), aff'd, 100 F.3d 946 (3d Cir. 1996).

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Petitioner entered federal custody on July 10, 2019.[1] At this point, Petitioner was both in the primary and physical custody of the United States.

---

[1] The Court notes that Petitioner was released to the federal authorities after he was paroled on his state sentence on July 5, 2019, but that he did not appear to enter federal custody until July 10, 2019. It is unclear what caused this five day discrepancy; however, it is immaterial to the disposition of the petition as Petitioner was granted jail credit for those five days towards his federal sentence.

As Respondents correctly point out, the next step in computing a federal sentence is to determine the amount of credit, if any, a petitioner should receive for time spent in custody prior to the commencement of the federal sentence.  A defendant is entitled to credit for time served prior to the date the sentence commences: "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." See 18 U.S.C. § 3585(b) (emphasis added).

Petitioner received a total of 366 days of time credit which includes the time between his federal indictment through the date on which Petitioner started to serve his parole revocation sentences (from January 31, 2013, to January 27, 2014), and his release from state authorities to when he entered FCI Allenwood (from July 5, 2019, to July 9, 2019).  As Respondents argue in their answer, Petitioner received credit for all time spent in custody that had not been credited towards another sentence.  Petitioner cannot receive credit for the time spent serving his state parole revocation sentences because he already received credit for that time towards his state sentences.  See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007) (finding that "[t]he BOP allotted this time to Vega's state parole violation term, and therefore it is not available to be credited toward his federal sentence").

Petitioner's final argument is that the BOP should have designated his state prison where he was serving his state sentence as a federal facility so that the time spent there could be credited toward his federal sentence, i.e. designating the sentences to run concurrently. Petitioner is correct that, in some circumstances, the BOP may designate a state facility as a place of service for a federal term of imprisonment.  That authority, however, is extremely limited to a very narrow set of circumstances:

> If the defendant was in non-federal primary custody at the time the federal sentence was imposed, and the federal sentencing court was silent as to its intent to run the federal sentence concurrently with the non-federal sentence, the prisoner may ask the BOP to exercise its discretion pursuant to 18 U.S.C. § 3621(b) to designate the state prison as the place of imprisonment for the federal sentence, effectively making the sentences concurrent. The BOP may implement such a designation *nunc pro tunc*.

See McCarthy v. Warden, No. 12-cv-846, 2013 WL 3943551, *3 (M.D. Pa. July 29, 2013). That limited discretion is eliminated when the district court orders the sentences to run consecutively: "The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation)." Bureau of Prisons, Program Statement No. 5160.05, "Designation of State Institution for Service of Federal Sentence," at 6-7 (Jan. 16, 2003).

Here, the sentencing court unambiguously stated that Petitioner's federal sentence was to run consecutively with his state parole revocation sentences. Thus, the Court can discern no abuse of discretion in the BOP's determination that Petitioner's state and federal sentences should not run concurrently. See United States v. Fortt, 608 F. App'x 88, 89 n.1 (3d Cir. 2015) (noting that the BOP's designations are reviewed by the court for abuse of discretion).

The Court has comprehensively reviewed the calculation of and application of jail credits to Petitioner's federal sentence. The sentence has been correctly calculated, and Petitioner has received the benefit of all time spent in custody that has not been previously credited towards his state sentences. Further, the BOP did not abuse its discretion in denying a nunc pro tunc designation as the sentencing court ordered that the sentences were to run consecutively. The petition will be denied.

## III.  CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be denied.  An appropriate Order follows.